USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 2/6/2017

## Spector Gadon & Rosen, P.C.

NEW JERSEY OFFICE:
ONE GREENTREE CENTRE
10,000 LINCOLN DRIVE EAST
SUITE 201
MARLTON, NJ 08053
(856) 778-8100
FAX: (215) 241-8844

NEW YORK OFFICE:
ONE PENN PLAZA
36TH FLOOR
NEW YORK, NY 10119
[212] 786-7394

E-MAIL
jgreystone@lawsgr.com

ATTORNEYS AT LAW
SEVEN PENN CENTER
1635 MARKET STREET
SEVENTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
[215] 241-8888
DIRECT: [215] 241-8927
FAX: [215] 241-8844
WWW.LAWSGR.COM

FLORIDA OFFICE:
360 CENTRAL AVENUE
SUITE 1550
ST. PETERSBURG, FL 33701
[727] 896-4600
DIRECT: [727] 490-4086
FAX: [727] 896-4604

*Jonathan J. Greystone\**

*\*Licensed to Practice in
 Pennsylvania and New York*

*Please respond to Philadelphia Office*

February 6, 2017

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court for the
 Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   **Patricia Hunter v. Palisades Acquisition XVI, LLC, et al.**
      **U.S.D.C. – S.D. of NY; No.: 1:16-cv-08779**
      **Our File No. 37207-135**

Dear Judge Ramos:

Our firm represents Defendants Palisades Acquisition XVI, LLC ("Palisades Acquisition") and Palisades Collection, LLC, ("Palisades Collection") (both referred to as the "Palisades Defendants") in the above captioned matter. I write now to respectfully request a Pre-Motion Conference in accordance with Your Honor's Individual Practices, Rule 2.A.ii.

The Palisades Defendants anticipate filing a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The grounds for this anticipated Motion are set forth herein.

### Brief Statement of Facts As Alleged in Plaintiff's Complaint

Plaintiff Patricia Hunter ("Plaintiff") filed the within action against the Palisades Defendants, Sharinn & Lipshie, P.C. ("S&L") and Harvey Sharinn ("Sharinn"), purporting to assert claims for damages arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), specifically sections 1692c, 1692e, 1692f and 1692g; the N.Y. Gen. Bus. Law §349; and for common law Conversion. Plaintiff identifies Palisades Acquisition as a "putative judgement creditor". Plaintiff further identifies Palisades Collection as the "servicer of Palisades Acquisition". Plaintiff identifies S&L as a debt collection law firm and Sharinn as an attorney at S&L.

On or about April 5, 2007 Plaintiff claims she was sued by Palisades Acquisition on a debt she did not owe in <u>Palisades Acquisition XVI, LLC v. Patricia Hunter</u>, 023781-07/BX (the "Collection Lawsuit"). Plaintiff claims she was never served a Summons and Complaint for the Collection Lawsuit and therefore was unaware of it. Plaintiff alleges Palisades Acquisition

**SPECTOR GADON & ROSEN, P.C.**
  ATTORNEYS AT LAW

February 6, 2017
Page -2-

obtained a Default Judgement ("Judgment") against Plaintiff in June, 2007, but that she never received a copy of the Default Judgement or Notice of Entry in the mail.

Plaintiff admits that, in early 2014, while seeking a loan modification on her mortgage, Plaintiff learned of the Judgment. Plaintiff confirms she then sought to address the Judgment by filing an Order to Show Cause ("OSC") in Bronx Civil Court on February 24, 2014 alleging that she was never served with a Summons and Complaint in the Collection Lawsuit. Plaintiff claims that "Palisades" (presumably Palisades Acquisition who was the Plaintiff in the Collection Lawsuit), "defaulted," and as a result the Judgment was vacated and the case set for trial. Plaintiff claims that Palisades (presumably Palisades Acquisition who was the Plaintiff in the Collection Lawsuit) defaulted again on the trial date and the matter was dismissed on April 21, 2014.

Plaintiff claims that, after the Judgment was vacated, in November 2015 Palisades (presumably Palisades Acquisition, who was the Plaintiff in the Collection Lawsuit), through S&L, issued an information Subpoena and Restraining Notice under the Collection Lawsuit's Index Number and directed same to JP Morgan Chase ("Chase"). The documents, signed by Sharinn, demanded Chase Answer the Information Subpoena and impose a restraint on any bank accounts Ms. Hunter had with Chase. Chase then allegedly placed a "hold" on Plaintiff's Checking Account. Plaintiff claims Chase then sent Plaintiff a letter informing her that a hold had been placed on her checking account.

Plaintiff claims that when S&L issued the Information Subpoena and bank restraint, it knew and intended for the bank to forward a copy to Plaintiff and as such it would have constituted the initial communication from S&L to Plaintiff concerning the Collection Lawsuit. Plaintiff goes on to allege that S&L failed to provide her disclosures required by the FDCPA, specifically 15 U.S.C. §1692g(a).

Plaintiff claims that, on December 15, 2015, she sent a letter to "Palisades" through S&L informing them that the Judgment had been vacated and demanding that the restraint on her bank account be lifted and the funds returned to her. Plaintiff confirms that, on January 11, 2016 S&L allegedly faxed a letter to Chase withdrawing the Restraining Notice against Plaintiff and on January 27, 2016 S&L mailed a check made out to Plaintiff representing "monies received from the Marshal in connection with a levy at JP Morgan Chase Bank." Plaintiff then received a second check from the New York City Marshal.

### Grounds For the Palisades Defendants' Motion to Dismiss

The Palisades Defendants anticipate moving to dismiss Plaintiff's Complaint directed to them, in accordance with Fed. R. Civ. P. 12(b)(6) on three separate grounds. First, the within Complaint was filed after the applicable 1 year statute of limitations expired. Second, the

2411768-1

**SPECTOR GADON & ROSEN, P.C.**
ATTORNEYS AT LAW

February 6, 2017
Page -3-

Complaint fails to identify facts that meet the necessary elements of a claim for Conversion. Third, the Complaint states no factual basis for any claim(s) directed to Palisades Collection.

As to the statute of limitations, private suits asserting violation of the FDCPA must be filed within one year of the alleged statutory violation. 15 U.S.C § 1692k(d). The instant suit was filed on November 11, 2016. Thus, only alleged violations occurring after November 11, 2015 are actionable.

The only conduct alleged in the Complaint, occurring after November 11, 2015, was the alleged execution on Plaintiff's bank account – which execution does not give rise to an FDCPA violation as a matter of law. To the extent Plaintiff's Complaint fails to state a claim under the FDCPA, so too do Plaintiff's claims fail under the N.Y. Gen. Bus. Law § 349.

Plaintiff's claim for conversion fails as a matter of law because Plaintiff does not allege, and indeed no facts exist to demonstrate, that Palisades Collection or Palisades Acquisition had dominion or control over Plaintiff's bank account, which dominion and control is required in order to sustain a cause of action for common law conversion.

Finally, Plaintiff provides no factual and/or legal basis for Palisades Collection to be a party to this suit. Palisades Acquisition was the Plaintiff in the Collection Lawsuit and the Judgement Creditor. While Plaintiff asserts legal conclusions and vague allegations about an alleged relationship between Palisades Collection and Palisades Acquisition, the Complaint contains no factual allegations that might state a cause of action against Palisades Collection.

Upon filing their anticipated Motion to Dismiss, the Palisades Defendants will more fully argue the legal grounds supporting their position that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to these Defendants. Accordingly, the Palisades Defendants respectfully request the Court schedule a pre-motion conference on these Defendants' anticipated Motion to Dismiss. We greatly appreciate the Court's attention and consideration of these matters.

Respectfully submitted,

/s/ Jonathan J. Greystone
JONATHAN J. GREYSTONE

JJG/jg
cc: All counsel of record (via ECF)

2411768-1

---

A pre-motion conference will be held at 10:30am on February 28, 2017. Plaintiff is directed to submit a written response to this letter that is no longer than three pages by February 14, 2017.

Edgardo Ramos, U.S.D.J
Dated: 2/6/2017
New York, New York