

Divya Subrahmanyam, Esq.
Staff Attorney, CAMBA Legal Services, Inc.
885 Flatbush Ave., 2nd Fl.
Brooklyn, NY 11226
Phone: 718-940-6311, ext. 79255

February 14, 2017

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:   Patricia Hunter v. Palisades Acquisition XVI, LLC, et al., No. 1:16-cv-08779, SDNY
        Plaintiff's opposition to Defendants' proposed motion to dismiss

Dear Judge Ramos:

      I am an attorney at CAMBA Legal Services, which along with the Law Office of Ahmad Keshavarz represents Plaintiff Patricia Hunter in the above-captioned action. Plaintiff submits this letter opposing the Palisades Defendants' request to file a Motion to Dismiss.

**Background**

      On November 11, 2016, Plaintiff Patricia Hunter filed a Complaint against Palisades Acquisition XVI, LLC, Palisades Collection, LLC, Sharinn & Lipshie, P.C., and Harvey Sharinn, for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and N.Y. G.B.L. § 349, and for committing conversion. On February 3, 2017, Palisades Acquisition XVI, LLC and Palisades Collection, LLC filed a Motion to Dismiss, in contravention of this Court's rules requiring a judicial conference before such a motion may be filed. This Court denied the motion on February 6, 2017. The same day, Defendants submitted a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss. Plaintiff now a) respectfully informs the Court she intends to amend her Complaint and b) asks that this Court deny Defendants' request to file a motion to dismiss Plaintiff's Complaint against Palisades Acquisition XVI, LLC.

**1. Ms. Hunter intends to amend her Complaint.**

      Ms. Hunter will shortly amend her Complaint as a matter of right under F.R.C.P. 15(a)(1)(B), removing her claims against Palisades Collection, LLC and naming Palisades Acquisition XVI, LLC, ("Palisades") Sharinn & Lipshie, P.C., ("S&L") and Harvey Sharinn ("Sharinn") as the sole Defendants.



**2. The Complaint states a timely claim for violations of the FDCPA and G.B.L. § 349.**

Ms. Hunter has alleged sufficient facts to state a claim that Defendants violated the sections of the FDCPA mentioned by Defendants in their denied motion to dismiss: §§ 1692c, 1692e, 1692f, and 1692g. In addition, Defendants have provided inadequate notice of its arguments against Ms. Hunter's G.B.L. § 349 claims, and should not be permitted to move to dismiss them.

**15 U.S.C. § 1692c.** *"Communications in connection with debt collection"*
Defendants restrained Ms. Hunter's bank account pursuant to a judgment that had been vacated a year and a half prior, which Defendants knew or should have known. Because there was no judgment, the issuance of the Information Subpoena and Restraining Notice to Chase Bank was an unlawful debt collector communication to a third party, not "reasonably necessary to effectuate a post-judgment judicial remedy of any debt." 15 U.S.C. § 1692c.

**15 U.S.C. § 1692e.** *"False and Misleading Representations"*
By issuing the Information Subpoena and Restraining Notice and directing the Marshal to seize funds in Ms. Hunter's bank account, Defendants falsely and misleadingly represented that they held a valid judgment against Ms. Hunter, violating § 1692e of the FDPCA.

**15 U.S.C. § 1692f.** *"Unfair Practices"*
Ms. Hunter has also stated a claim against Defendants under § 1692f, which provides a cause of action for unfair or unconscionable practices that do not otherwise violate the FDCPA. Specifically, in addition to unlawfully restraining Ms. Hunter's bank account pursuant to a vacated judgment, Defendants failed to respond or provide relief when Ms. Hunter wrote to them through their attorneys a) enclosing a copy of the vacatur, a) demanding her bank account be released, and c) requesting verification of the debt. Defendants' failure to act or respond was unfair and unconscionable, and gives rise to a separate violation from the initial restraint of Ms. Hunter's bank account. See, e.g., Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (finding that the plaintiff had stated a claim where defendant debt collector had unlawfully removed money from plaintiff's bank account and refused to return it even after a court order, constituting "acts that affront[ed] the sense of 'justice, decency or reasonableness.'")

**15 U.S.C. § 1692g**. *"Initial Communication"*
Ms. Hunter has stated a claim that Defendants violated §1692g of the FDCPA, which requires that within five days after its initial communication with a consumer in connection with the collection of any debt, a debt collector must send that consumer a written notice containing specific information listed in the statute. Although Palisades had originally sued Ms. Hunter in 2007, the first communication regarding the putative underlying debt from S&L was the Information Subpoena and Restraining Notice. Defendants do not dispute that S&L – working on behalf of Palisades – failed to send the required notice following their initial communication.

Significant authority, including in the Southern District of New York, holds that the FDCPA requires each subsequent debt collector on a debt to send the debt verification rights notice described in §1692g. See, e.g., Tocco v. Real Time Resolutions, Inc., 48 F. Supp. 3d 535, 539 (S.D.N.Y. 2014) ("a debt collector must send a validation notice under section 1692g(a) even if a prior debt collector already sent a notice regarding the same debt"). This requirement ensures consumers know they have the right to request verification of a debt even from subsequent debt collectors. See id. In particular, the Tocco court expressed concern that a

Case 1:16-cv-08779-ER   Document 29   Filed 02/14/17   Page 3 of 3



"subsequent collector may seek collection of a debt that has already been extinguished," making the (g) notice even more critical to protecting the consumer's ability to obtain verification of the debt. Id. The court's concern has been borne out in the instant action: if Defendants had sent the required (g) notice after S&L had issued the restraining notice but before Ms. Hunter's account was frozen or garnished, Ms. Hunter could have disputed the debt with Defendants and provided them with a copy of the vacatur, potentially preventing her from suffering any damages.

**N.Y. G.B.L. § 349**

Defendants' cursory declaration that "to the extent Plaintiff's Complaint fails to state a claim under the FDCPA, so too do Plaintiff's claims fail under the N.Y. Gen. Bus. Law § 349" fails to provide adequate notice of claim and incorrectly equates two very different statutes that have different purposes, elements and statutes of limitations. Ms. Hunter alleges that Defendants are responsible for violations of G.B.L. 349 in addition to and beyond the restraint of Ms. Hunter's bank account. Specifically, Defendants committed deceptive acts in its pursuit of the state court judgment against Ms. Hunter in 2007, by engaging in sewer service and making false representations in sworn affidavits submitted to the court. The ordinary statute of limitations for violations of G.B.L. § 349 is three years. But in this case, because of Defendants' fraudulent acts, Ms. Hunter did not find out about the judgment until she saw a copy of her credit report in early 2014. The statute of limitations should be equitably tolled for three years from when Ms. Hunter discovered Defendants' violations; since she filed suit in November 2016, her claims are timely.

### 3. Ms. Hunter states a claim for conversion by Palisades Acquisition.

As many courts have held, including in this district, an entity that meets the definition of a debt collector under the FDCPA may be held vicariously liable for any actions taken to collect debts on their behalf, regardless of whether it actually exercised control over such actions. See Gomez v. Resurgent Capital Servs., LP, 129 F. Supp. 3d 147, 156 (S.D.N.Y. 2015); Okyere, 961 F.Supp.2d at 515-16; Plummer v. Atl. Credit & Fin., Inc., 66 F. Supp. 3d 484, 493 (S.D.N.Y. 2014). Although S&L and Sharinn issued the restraining notice, they acted on behalf of Palisades when they froze Ms. Hunter's bank account and directed the Marshal to seize her funds. Palisades may be held vicariously liable for conversion on the basis of the unlawful collection activities carried out against Ms. Hunter by S&L and Sharinn.

Defendants' request to move for dismissal of "Ms. Hunter's claim for punitive damages" for conversion also has no legal basis.  A motion to dismiss is "addressed to a 'claim'—not to a form of damages." Okyere, 961 F. Supp. 2d at 536, quoting Amusement Indus., Inc. v. Stern, 693 F.Supp.2d 301, 318 (S.D.N.Y.2010). Because there is no independent cause of action for punitive damages under New York law, Defendants' motion to dismiss Ms. Hunter's request for punitive damages on her conversion claim is "procedurally premature." Okyere, 961 F.Supp. at 536. See also Denton v. McKee, 332 F.Supp.2d 659, 667 (S.D.N.Y.2004) (denying defendants' motion to dismiss "to the extent it seeks to preclude certain categories of damages").

                                                     Respectfully,
                                                    /s/_____
                                                    Divya Subrahmanyam, Esq.

CC: All counsel of record via ECF

885 Flatbush Avenue 2nd Floor   Brooklyn, New York 11226   718.287.0010
www.camba.org