# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

November 14, 2017

<u>VIA ECF</u>
Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:   Patricia Hunter v. Palisades Acquisition XVI, LLC, et al., No. 1:16-cv-08779, SDNY**
        **Ms. Hunter's continued opposition to Defendant's request for a stay of discovery**

Dear Judge Ramos:

I, along with CAMBA Legal Services, Inc., represent Ms. Patricia Hunter in the above-captioned action. Ms. Hunter submits this letter opposing Defendants' request for an interim stay of discovery and their renewal of Palisades' prior request for a stay of discovery.

**Factual Background**

Ms. Hunter alleges that Defendants Palisades Acquisition XVI, LLC, Sharinn & Lipshie, P.C., and Harvey Sharinn violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and N.Y. G.B.L. § 349, and committed conversion.

Palisades sued Ms. Hunter in Bronx Civil Court for a debt she did not owe. Ms. Hunter was never served and Palisades filed a false affidavit of service and obtained a default judgment against Ms. Hunter on June 19, 2007. In 2014, while trying to modify her mortgage and save her home from foreclosure, Ms. Hunter discovered there was a judgment against her. She promptly took action, got the judgment vacated and the case dismissed, and believed she was free of the matter. Over a year later, Palisades through its debt collection law firm Sharinn & Lipshie issued a restraining notice and information subpoena – signed by Defendant Harvey Sharinn – to JP Morgan Chase asking the bank to restrain Ms. Hunter's account. They did this despite the fact that they held no judgment against Ms. Hunter, a fact that could be easily discovered by an examination of the court file, a cursory check of the New York state courts website, or, presumably, their own records. Defendants failed to provide Ms. Hunter a written notice of her right to force Defendants to cease all collection attempts, including executions, which they were required to send prior to issuing the information subpoena and restraining notice.

Based on the unlawfully issued restraining notice, Chase froze Ms. Hunter's bank account, and then withdrew nearly $1,000 of her funds. Ms. Hunter contacted Palisades through S&L, asking them to lift the unlawful restraint and providing them with a copy of the order

1

vacating the judgment, but Defendants ignored her pleas and the order. Because Defendants enforced the non-existent judgment – and then forged ahead in the face of Ms. Hunter's proof – Ms. Hunter suffered financial losses as well as serious anxiety and emotional distress.

**Procedural History**

Plaintiff filed a motion to dismiss plaintiff's First Amended Complaint on March 30, 2017. It was fully briefed as of May 22, 2017 and is pending with this court. While the motion was being briefed, Plaintiff propounded a first set of discovery requests on April 26, 2017. On April 27, 2017, Defendant Palisades Acquisition XVI, LLC filed a letter requesting leave to file a Motion to Stay Discovery and for a Protective Order (DE 33). Plaintiff then filed a letter opposing that request (DE 41) on May 5, 2017. This court has not yet ruled on that request, and did not schedule a pre-motion conference on the issue.

Since then, Defendants have substituted counsel such that all defendants are represented by a single law firm. Defendant Sharinn & Lipshie provided responses to Plaintiff's initial discovery demands on June 26, 2017 and indicated that it needed a protective order before it would produce additional discovery. The parties subsequently consented to a protective order of nonpublic and sensitive information to be disclosed in discovery, which was so ordered by Your Honor on October 12, 2017. Defendant Sharinn & Lipshie then served supplemental document production on October 31, 2017, and Defendants' counsel Adam Marshall, Esq. indicated he was in contact with Palisades to ascertain whether it had additional documents to produce.

Throughout this time period, the parties were conferring about depositions. In particular, on October 19, 2017, while I was conferring with Defendants' counsel Brett Scher, Esq. on another case regarding some of the same defendants and similar issues, I proposed holding a joint deposition of Sharinn & Lipshie witnesses. Mr. Scher responded that that seemed reasonable but that he needed to check with his client. On October 31, 2017 Plaintiff served on Defendants' counsel Notices of Deposition, scheduling depositions of S&L's agents and employees as well as of defendant Harvey Sharinn for December 6, 2017. Defendants did not immediately respond to these notices. Finally, on November 8, Mr. Scher sent an email to counsel objecting to a joint deposition on the grounds that it would violate confidentiality, objecting to the timing and scheduling of the depositions, and indicating that he would request a stay of discovery.

**Argument**

A party must show "good cause" to stay discovery, as determined on the basis of the following factors: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Telesca v. Long Island Hous. P'ship, Inc., 2006 WL 1120636 at *1 (E.D.N.Y. 2006) citing, inter alia, In re Currency Conversion Fee Antitrust Litig., 2002 WL 88278 at *1 (S.D.N.Y. 2002).

Yet in their November 9 letter, Defendants make no effort whatsoever to establish good cause. Indeed, there is no good cause that would justify a stay of discovery in this case. Plaintiff refers this court to her first letter opposing Palisades' request for a stay, DE 33, which makes this argument in-depth. Generally, Ms. Hunter's claims are strong and meritorious, supported by detailed and specific factual pleadings. Her discovery requests are reasonable, narrowly tailored, and impose minimal burdens on Defendants. And because there are multiple defendants in this

matter, two of whom have not moved to dismiss Ms. Hunter's claims, discovery will proceed against those defendants as well as against Palisades as a material witness regardless of the outcome of the motion to dismiss. A stay would simply cause unnecessary delay of this action, and undue prejudice to Ms. Hunter, who runs the risk of key evidence in the custody of third parties being deleted.

In support of Defendants' request for a stay, counsel makes a number of unfounded contentions that unfairly and incorrectly characterize the case. First, Defendants' counsel claims that since the motion to dismiss was filed, the parties have pursued "only minimal discovery." Mr. Scher further claims that Defendants "were operating under the belief that full blown merits discovery would commence after the Court decided the motion." This is inaccurate: Plaintiff opposed Palisades' first request for a stay and pursued discovery actively, although the process slowed during the summer after counsel was substituted. The fact that the parties subsequently entered into a Protective Order, that S&L produced some discovery, and that the parties had active discussions about depositions and document production clearly indicated to Defendants that Plaintiff intended to continue with discovery.

Second, Defendants claims that Plaintiff's desire to proceed with discovery is simply intended to "force defendants to expend money on litigation costs." This, too, is false. In fact, Plaintiff has attempted to cut costs for all parties by proposing a combined deposition, with provision made to protect confidentiality, in this case and in *Molgora v. Sharinn & Lipshie, P.C.*, et al., 1:17-cv-03766, another action involving my office, Mr. Scher, and Sharinn  Lipshie. Mologora, like this action, involves Sharinn & Lipshie's enforcement of a vacated judgment. The depositions in both cases would largely cover the same ground, inquiring broadly into Sharinn & Lipshie's policies and practices regarding the enforcement of judgments, the nature of any attorney review it conducts before enforcing such judgments, and its policies regarding the sending of debt validation notices. Because the two cases make similar allegations about Sharinn & Lipshie's pattern and practice, and because the depositions in *Molgora* are proceeding regardless of what happens in this case, holding two separate depositions would double the costs for all parties. Far from trying to increase costs, Plaintiff is attempting to limit litigation costs while still ensuring discovery proceeds timely. By contrast, in addition to requiring two separate sets of depositions on the same topic, Defendants are also introducing undue delay by providing heavily redacted collection notes and failing to provide even documents referred to in those collection notes without explanation.

Finally, Defendants claim that Plaintiff's case is one "with very limited FDCPA damages." To characterize Ms. Hunter's claims this way is to ignore the plain allegations in the complaint. Ms. Hunter has alleged substantial garden-variety emotional distress damages. *See* DE 30, Plaintiff's First Amended Complaint ¶¶ 133-145. Plaintiffs restrained Ms. Hunter's bank account and garnished nearly $1,000 from it, even though they had no valid judgment against her and the underlying collections lawsuit had been dismissed. Defendants then failed to provide Ms. Hunter with a written notice of her rights, and ignored her requests to return her money even once she provided them with a copy of the order vacating the judgment. These violations of the FDCPA and state law caused Ms. Hunter to incur monetary loss and financial stress, as well as significant anger, frustration, anxiety, and other emotional distress.

Ms. Hunter simply seeks a swift resolution of her strong, meritorious claims, and hopes to facilitate this resolution by engaging in discovery with Defendants. Granting stay of discovery

pending the outcome of a motion of dismiss would thwart these goals, causing undue delay to the parties and to this court.

    Respectfully,

    /s/
    Ahmad Keshavarz, Esq.

CC: All counsel of record via ECF