

Divya Subrahmanyam, Esq.
Senior Staff Attorney
CAMBA Legal Services, Inc.
885 Flatbush Avenue, 2nd Floor
Brooklyn, NY 11226
Phone: 718-940-6311, ext. 79255

September 18, 2018

VIA ECF
Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    **Re:**    **Plaintiff's response to Defendants' request for Rule 16 Initial Conference**
             *Hunter v. Palisades Acquisition XVI, LLC, et al.*, **No. 1:16-cv-087790-ER**

Dear Judge Ramos:

    Along with the Law Office of Ahmad Keshavarz, the undersigned represents Plaintiff Patricia Hunter in this action, brought under the Fair Debt Collection Practices Act and New York General Business Law. Ms. Hunter respectfully opposes Defendants' proposed scheduling order, and submits her own proposed scheduling order as Exhibit A. A copy of the ESI addendum agreed to by all parties is annexed as Exhibit B. Ms. Hunter has been seeking proper discovery responses and deposition dates for over a year. Defendants have repeatedly delayed, and now seek to forcibly limit Ms. Hunter's ability to substantiate her claims by blaming these delays on her.

### Discovery History

    This action was filed on November 11, 2016. S&L answered on January 13, 2017, while Palisades filed a motion to dismiss. Ms. Hunter propounded her first set of discovery requests, directed to all defendants, on April 19, 2017. A week later, the parties engaged in a telephonic meet and confer conference at which Ms. Hunter proposed a discovery plan pursuant to FRCP 26(f). Defendants refused and filed a letter requesting a pre-motion conference to seek permission to stay discovery while Palisades' motion to dismiss was pending. Ms. Hunter opposed. The Court did not schedule a pre-motion conference and discovery was not stayed. The S&L Defendants and Palisades responded on June 26, 2017 to Ms. Hunter's initial discovery demands, including by providing redacted collection notes. Defendants then requested that the parties enter into a protective order before they would agree to produce certain documents and proceed with depositions. The parties jointly entered into a protective order and S&L Defendants then served supplemental document production on October 31, 2017. On the same day, Ms. Hunter served a first set of deposition notices that did not contain dates certain.



On November 16, 2017, Your Honor issued a memorandum and opinion denying Palisades' Motion to Dismiss and shortly thereafter denied Defendants' request for a stay of discovery. Ms. Hunter then propounded a second set of discovery demands and amended notice of deposition on November 30, 2017. Plaintiff's counsel also sent several emails in November detailing the deficiencies in Defendants' discovery responses and conferred by phone about these issues, including Plaintiff's position that the collection note redactions and privilege log were improper. Also in November and December 2017, Plaintiff's counsel proposed joint depositions of S&L defendants and witnesses in this and another case with similar facts and several of the same defendants – *Molgora v. Sharinn & Lipshie, P.C. et al*, Case 1:17-cv-03766-SN – to reduce costs. Defendants refused.

Subsequently, Defendants each propounded discovery demands directed to Ms. Hunter, to which Ms. Hunter responded to on January 18, 2018. That same month, Defendants produced supplemental documents in response to Ms. Hunter's first set of discovery demands, and responded to Ms. Hunter's second set of discovery demands. Defendants still did not produce unredacted collection notes or a proper privilege log.

This litigation was stayed beginning February 8, 2018, when S&L filed for bankruptcy. After Ms. Hunter's attorneys filed a motion with the bankruptcy court to lift the automatic stay, she and S&L stipulated to lift the stay so long as any recovery against S&L was limited to the amount of the insurance proceeds. This was signed by the court on April 29, 2018. Ms. Hunter's attorneys then filed the bankruptcy court's order in this action, and Your Honor lifted the stay on May 10, 2018.

Once this case had resumed, Plaintiff's counsel reached out to Defendants' counsel on May 31, 2018 to secure mutually convenient deposition dates, but was told that then-counsel for all Defendants, Brett Scher, Esq. of Kaufman Dolowich Voluck LLP, could not commit because he did not know if the firm would be continuing as counsel for Palisades. Plaintiff's attorneys attempted to contact Mr. Scher repeatedly over the subsequent months, and either received no response as to deposition dates or were told that Mr. Scher still did not know who would be representing Palisades. On August 1, 2018, Ms. Hunter propounded a second amended notice of deposition with proposed dates, and a third set of discovery demands directed at all defendants. Mr. Scher responded on August 9, 2018 that Palisades still was in the process of securing new counsel and that he could not commit to deposition dates. Plaintiff's counsel requested to meet and confer regarding deposition dates and discovery issues but did not receive a response.

Shortly thereafter, Palisades substituted in BlankRome LLP as its counsel.  All counsel connected over e-mail and agreed to meet and confer once new counsel were up to speed. On August 23, 2018, Plaintiff's counsel conferred with Mr. Scher regarding Plaintiff's objections to the S&L Defendants' discovery responses. The parties were able to resolve some disagreements as to what S&L would agree to produce, but not all. Mr. Scher would not agree to set deposition dates without the approval of Palisades. The following week, counsel for all parties engaged in a telephone call with the purpose – expressed and agreed to in writing, over email – of discussing



Plaintiff's issues with Palisades' discovery responses and selecting mutually convenient deposition dates for S&L.

However, on the phone call, Palisades' attorneys refused to discuss these topics unless Plaintiff's counsel first agreed to a discovery schedule and then provided notice of discovery issues via letter. Plaintiff's counsel reiterated that the phone call had been scheduled to discuss issues with discovery that had been propounded well over a year ago, and attempted to point out specific responses that were deficient, but Palisades' counsel hung up the phone. Palisades' counsel subsequently emailed all counsel with a proposed scheduling order. Plaintiff responded with a counterproposal and asked by e-mail when counsel would be available to meet and confer on discovery issues and to set deposition dates. Counsel did not respond on this topic. Plaintiff then propounded notices of deposition set for the end of September.

On September 11, 2018, Plaintiff called one of Palisades' attorneys, Hilary Korman, Esq., by telephone to discuss discovery deficiencies and deposition dates. Once again, Ms. Korman refused to discuss these topics until a scheduling order was in place and Plaintiff first set forth all deficiencies in writing. She then hung up the phone again.

**Plaintiff's proposed scheduling order best serves this court's interest in resolving this case**

In sum, Plaintiff has been diligently seeking discovery and depositions for well over a year. Despite this, and despite repeated attempts to meet and confer, Defendants have produced minimal responsive documents, instead lodging form objections at every turn and improperly redacting the few documents they have produced. As a result, Plaintiff's proposed scheduling order, allowing an additional 5 and a half months for discovery – months that include multiple major holidays where counsel may be out of the office – is reasonable and the best schedule for resolving the issues in this case. This timeline is necessary in order to maximize the effectiveness of depositions. Plaintiff does not wish to close paper discovery before depositions; she merely wants complete responses to the discovery already propounded. However, she also wishes to have the opportunity to propound additional, reasonable discovery after the conclusion of depositions to follow up on any issues raised therein.

Depositions are currently noticed for September 26 through 28. If depositions proceed as noticed, and if Defendants produce the unredacted collection notes Ms. Hunter has been seeking since the winter of 2017, then Defendants' proposed schedule provides ample time to complete discovery and Ms. Hunter would be amenable to it. If depositions do not proceed as noticed – which is likely, even though Defendants have not moved to quash – then Defendants' proposed schedule is too short. Defendants have indicated by phone and by email that the noticed dates are not acceptable. Mr. Scher, counsel for the S&L Defendants, has stated he will not be available for depositions until the end of November, at the earliest; counsel for Palisades has yet to provide any indication of when they would be available for depositions of S&L or of their own clients.

Defendants' proposed compromise date for the close of discovery is January 31, 2018. If Mr. Scher is still available for the end of November the very first depositions could theoretically



take place during the last week of November, after Thanksgiving. Plaintiff would then have to propound additional discovery requests within 15 days – by December 15 – and Defendants would have 30 days to respond, by January 14. This constrained schedule would leave the parties with only 17 days to resolve any disputes about the sufficiency of Defendants' responses before discovery closes. Such a quick resolution is unlikely at best. The proposed timeline is especially unreasonable given Mr. Scher's limited availability and Palisades' refusal to provide any sense of when Palisades and its counsel would be available for depositions of the S&L witnesses, much less their own corporate representative. If counsel end up not being not available for depositions until December, this proposed schedule falls apart. If depositions do not proceed as noticed, the parties should be compelled to select alternative dates as soon as possible before a scheduling order is put in place.

      As a final note, the number of depositions Ms. Hunter seeks to conduct is not excessive. This is a case with one individual defendant and two corporate defendants. Ms. Hunter seeks to take the depositions of five individuals, one of whom, Scott Sharinn, will serve as both a witness and the corporate representative of S&L. Ms. Hunter also seeks to take the deposition of Palisades' corporate representative, the deposition of individual Defendant Harvey Sharinn, and two additional employees of S&L. Ms. Hunter made an active effort to minimize costs and the burden of depositions by combining the depositions in this case with depositions in another, factually similar case featuring the S&L Defendants, but Defendants refused.

      Thank you for your consideration of the foregoing.

                                       Sincerely,
                                       s/
                                       Divya Subrahmanyam, Esq.