# AHMAD KESHAVARZ

## *Attorney at Law*

---

16 COURT ST., 26TH FLOOR          WWW.NEWYORKCONSUMERATTORNEY.COM          PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026          E-mail: ahmad@NewYorkConsumerAttorney.com          FAX:  (877) 496-7809

October 10, 2018

VIA ECF AND HAND-DELIVERY
Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re: Plaintiffs' request for pre-motion conference to enforce subpoena for documents against non-party TrakAmerica**
> ***Hunter v. Palisades Acquisition XVI, LLC, et al.*, Case No. 1:16-cv-08779-ER**

Dear Judge Ramos:

Along with CAMBA Legal Services, Inc. the undersigned represents Plaintiff Patricia Hunter in this action. Plaintiff respectfully requests a pre-motion conference under Local Rule 37.2 to, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and Local Civil Rule 37.3(c), order TrakAmerica ("Trak") to produce documents responsive to Plaintiff's subpoena served on Trak on August 30, 2018.

## BACKGROUND

Plaintiff Patricia Hunter brings this action against a putative judgment creditor Palisades Acquisition XVI, LLC ("Palisades"), its debt collection law firm, Sharinn & Lipshie, P.C, and that law firm's principal, Harvey Sharinn (collectively "S&L") for restraining and executing on Ms. Hunter's bank account based on a vacated judgment and refusing to return the money after being placed on notice that judgment was vacated; and for their pattern and practice of collecting on putative judgments without meaningful attorney involvement to make sure the putative debt was actually owed. Trak is an intermediary debt collector between Palisades and S&L as to Ms. Hunter's account, as Plaintiff learned through documents produced by S&L in response to her discovery demands.

On August 30, 2018, Plaintiff issued a subpoena duces tecum, attached as Exhibit A, on Trak requesting the following documents and information relevant to proving Plaintiffs' claims:

1.      All documents in your possession, custody, or control concerning or relating to Plaintiffs, the putative debt, or attempts to collect the putative debt. This request includes, without limitation, your collection notes, faxes, emails, and email attachments concerning Patricia Hunter; and your communications with Sharinn & Lipshie, P.C. and Palisades Acquisition XVI, LLC concerning Patricia Hunter.

2.      An accounting of any amounts paid or returned from any attempts to collect the putative debt.

1

3.     Contracts that describe or govern the relationship between You and any other entity regarding the putative debt, the forwarding of accounts for debt collection, or the collection of the putative debt. This request includes, without limitation, retainer agreements and sales or assignment agreements governing or relating to the putative debt.

4.     If any of the documents You produce include abbreviations or codes, please provide a copy of a manual, glossary, or other such document reflecting the meaning of said abbreviations or codes.

On September 18, 2018, Trak served a series of boilerplate objections to the subpoena, *see* **Exhibit A** Objections, along with a limited set of documents. *See* **Exhibit B** Subpoena Production. However, Trak failed to produce several documents germane to Plaintiff's claims. Accordingly, Plaintiff now seeks to compel production of the following:

## ITEMS TO COMPEL

### 1.  Agreements and Contracts Governing Collection

Trak has produced no documents in response to Plaintiff's third request, seeking agreements and contracts between Trak and any other entity regarding the putative debt. Instead, Trak objected that the request was "overly broad, unduly burdensome (as directed at a non-party when the documents can be obtained from parties), vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." Notably, the precise reason that Plaintiff has not been able to obtain the documents from parties is that the same counsel that represents Trak also represents Palisades, and has explicitly refused to produce the agreement in its entirety. See DE 76, October 10, 2018, Plaintiff's Request for Pre-Motion Conference to Compel Discovery. In an e-mail, Trak's counsel has further contended that the majority of the contract is "privileged," confidential, and proprietary.

Trak must produce the requested agreements, which are relevant and not protected by privilege; they would illuminate the relationship between Palisades and S&L, and the role each played in the collection of Ms. Hunter's putative account. Annexed are two examples of agreements between another debt collector and Trak. *See* **Exhibit C** Collection Agreement, and **Exhibit D** Service Agreement. They contain a number of provisions that, if present in the agreement between Trak, Palisades, and S&L, would relate directly to Plaintiff's claims. For example, under the Service Agreement, Trak receives 40% of gross collections recovered, demonstrating the substantial role it plays in collection. *See* **Exh. D** p. 2, ¶ III(A). In addition, the Collection Agreement indemnifies both "Attorney" and "Client" as against the conduct of the other. *See* **Exh. C** p. 2, ¶ I(I)(1-3).

Perhaps most importantly, under the Service Agreement, Trak was contracted to place debt collector accounts with attorneys for collection/litigation. *See* **Exh. D** p. 1, ¶ II(B)(1-6). Trak was also to communicate to the attorney the Client's policies and procedures, "[c]onduct audits on Client's behalf" and ensure compliance with Trak's minimum standards, professional liability requirements, and other legal criteria. *See* **Exh. D** p. 1, ¶ II(B)(2). Further, the Collection Agreement requires "Attorney" to, upon request, provide "Client" with "all letters Attorney intends to use in collecting Client's accounts under this Agreement." *See* **Exh. C** p. 3 ¶ I(K). In the case at bar, Defendant Palisades' claims as an affirmative defense that it "had no knowledge of, nor did it participate in, approve, authorize, or ratify, any of the alleged misconduct of any

2

other Defendant." DE 68, Palisades' Answer to 1st Am. Compl., p. 19 ¶ 183. But if Palisades specifically contracted Trak to supervise the attorneys retained by Palisades to collect on its accounts, that would go directly to the level of Palisades' culpability for S&L's actions, which in turn goes to punitive damages.

Courts have found similar agreements to be non-privileged and relevant. *See Hallmark v. Cohen & Slamowitz*, 300 F.R.D. 110, 112 (W.D.N.Y. 2014) (ordering production of service /collection agreement between putative creditor's affiliate and collection law firm because it was not covered by attorney-client privilege and was relevant for showing control); *Khan v. Midland Funding LLC*, 956 F. Supp. 2d 515, 516 (S.D.N.Y. 2013) (ordering production of collection agreement between defendant debt collector and non-party collection law firm).

The contracts are also relevant to rebut Defendants' position, described in DE 76, that the bulk of the collection notes maintained by S&L and Palisades about Ms. Hunter's putative account are protected by the attorney-client privilege. A key element of the privilege is that the communications were confidential, between the attorney and client, and not shared with third parties. If these communications went through a third-party non-attorney intermediary, then they were not confidential and therefore not privileged.

Trak has offered to "provide a redacted copy of the contract governing the collection...which reflects S&L's obligation to comply with applicable laws. The remaining contents of the agreement are otherwise privileged, propriety [sic], confidential, and irrelevant." *See* **Exhibit E** Email from Counsel for TrakAmerica. The dual counsel for Palisades and Trak should not be able to cherry-pick the provisions of the contract they believe would help Palisades. Under the doctrine of optional completeness, the entire unredacted contract should be produced. The contracts also incorporate other contracts that should also be produced.

## 2.   Communications among Defendants and Trak or other intermediaries, including referenced documents

Plaintiff seeks documents reflecting all communications among Defendants, Trak, and other intermediaries to support her claim that Defendants violated the FDCPA by failing to conduct a meaningful attorney review. In response, Trak makes boilerplate objections and states it has withheld responsive documents that it alleges are protected by privilege or the attorney work-product doctrine. Privilege does not apply to communications between Trak and Palisades as neither are attorneys. More generally, collection notes are typically not protected by privilege, and both S&L and Palisades have waived privilege as to their own collection notes. *See* DE 76, Plaintiff's Request for Pre-Motion Conference to Compel Discovery. Any genuine issues of privilege can be resolved via in camera review.

## 3.   Codes and abbreviations.

The documents produced use several abbreviations and codes which make it impossible for Plaintiff to fully understand the meaning of the documents. During a telephone conference with counsel for Trak on September 28, 2018, the undersigned suggested Trak simply provide an affidavit defining the codes and abbreviations in lieu of a formal manual. Trak counsel indicated she would review the request her client, but as of the date of this letter has not produced anything further or followed up.

## 4. Response to privacy objection

3

Trak asserts in its Responses that redactions in its production (TRAK000001-TRAK000021) of employee names are due to "privacy." Employees involved in the execution on Ms. Hunter are not entitled to their names being withheld. Their identification is relevant to determining the extent of attorney involvement, culpability of the Defendants, and collection practices of the Defendants. Further, if those employees have knowledge of the facts at issue in the case, Plaintiff may wish to subpoena or depose them.

## CONCLUSION

Thus, Plaintiff respectfully requests a pre-motion conference under Local Rule 37.2 to, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) and Local Civil Rule 37.3(c), order TrakAmerica to produce documents responsive to Plaintiff's subpoena served on TrakAmerica on August 30, 2018.


Respectfully submitted,
/s/
Ahmad Keshavarz


cc: Opposing counsel and counsel for TrakAmerica via ECF


## CERTIFICATE OF CONFERENCE

I spoke with counsel for TrakAmerica (as well as counsel for all Defendants) on September 28, 2018 to attempt to resolve the matters raised in this letter without the necessity of court intervention, but those efforts failed. Counsel for TrakAmerica is the same as counsel for Defendant Palisades. The telephone call lasted approximately 92 minutes. Approximately half of that time was spent discussing the TrakAmerica

Dated: October 11, 2018
        Brooklyn, NY
        /s/
        Ahmad Keshavarz