

**Adam M. Marshall, Esq.**
amarshall@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

October 15, 2018

<u>Via ECF</u>
Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

   Re: <u>*Hunter v. Palisades Acquisition XVI, L.L.C., et al.*
      Case No. 1:16-cv-8779 (ER)</u>

Dear Judge Ramos:

  This firm represents defendants Sharinn & Lipshie, P.C. ("S&L") and Harvey Sharinn ("Sharinn") (collectively, the "S&L Defendants") in the above matter. We write to respond to the October 10, 2018 letter filed by counsel for plaintiff Patricia Hunter's ("Plaintiff"), wherein Plaintiff requests that tomorrow afternoon's Rule 16 initial conference "double as a Local Rule 37.2 pre-motion conference to compel discovery." (ECF Doc. 76 at 1).

  The S&L Defendants have no objection to discussing the issues raised in Plaintiff's letter during tomorrow's conference. But, as set forth below, Plaintiff's proposed motion to compel is largely baseless as it relates to the S&L Defendants. We are particularly disturbed by counsel's mischaracterizations of Judge Netburn's rulings in <u>Molgora v. Sharinn & Lipshie, P.C.</u>, 1:17-cv-3766-SN (S.D.N.Y.), as well as omissions relating to the discovery produced by the S&L Defendants in that action.

### Discovery Regarding "S&L Collection and Judgment Volume"

  We first address Plaintiff's arguments relating to S&L's "collection and judgment volume." Plaintiff contends she is entitled to "documents showing the volume of information subpoenas, bank restraints, garnishments, lawsuits, and collection letters S&L sends out every year, and the name of the attorney(s) under whose name each document goes out." (ECF Doc. 76 at 2). In addition, Plaintiff asserts that she is entitled to "the number of judgment accounts" S&L sought to collect on, as well as "the face value and amount of money made on these judgments, [and] the amount of money that went to each entity as a result." (<u>Id</u>).

  As a threshold matter, most of the above-described discovery is irrelevant and overbroad. To refresh this Court's recollection, in this action the S&L Defendants are accused of enforcing a vacated civil court judgment against Plaintiff between **November 11, 2015** (when an information

subpoena and restraining notice was issued to Plaintiff's bank) and **January 2016** (when the restraint was lifted and Plaintiff's funds were returned). (See Second Amended Complaint, ECF Doc. 75, at ¶¶ 66, 121-25). S&L was not even the law firm that represented the Plaintiff's creditor (Palisades) in the underlying lawsuit to obtain the judgment. Yet, in her Third Request for Production of Documents, Plaintiff has demanded documents concerning S&L's collection activities going back as far as **2012** and continuing well after the events in question. (See Pl. Ex. G., ECF Doc. 76-7 at RFP Nos. 13-15, 21-26). This sort of annualized, aggregate data provides no insight into whether S&L attorneys engaged in a "meaningful review" of Plaintiff's file before issuing the information subpoena and restraining notice on November 11, 2015. Moreover, Plaintiff has sought information regarding categories of documents (lawsuits, summons and complaints, collection letters and income executions) that are not even at issue in this case.

Contrary to opposing counsel's suggestion, Plaintiff's requests are a far cry from the discovery authorized by Judge Netburn in the Molgora action. In Molgora, Judge Netburn merely directed S&L to prepare its corporate designee "to **testify** to the volume of judgments S&L collected on for a period [of] three years before the filing of Plaintiff's complaint." (See Exhibit "1" at 2) (emphasis added).[1] And when the plaintiff in Molgora (represented by Mr. Keshavarz) subsequently sought additional information concerning the volume of collection activity S&L undertook over that same three-year period (i.e., beyond the number of judgments S&L managed to collect on), Judge Netburn rightly determined that the information was of such tangential relevance that the Court narrowed the period to one-year and allowed S&L to provide the information via a sworn declaration. (See Exhibit "2" at 2).

Furthermore, providing the requested discovery would impose an undue burden on S&L. As the Court is aware, S&L has been in bankruptcy since February 8, 2018. On August 22, 2018, that bankruptcy case was converted from a Chapter 11 reorganization to a Chapter 7 liquidation. (See Exhibit "3"). S&L already provided multiple sworn declarations to Plaintiff's counsel, in connection with the Molgora action, containing statistical data regarding S&L collections and judgment accounts from May 24, 2015 through May 24, 2016, as well as the identities of attorneys employed by S&L over that period. (See Exhibit "4"). Obviously, that timeframe encompasses the period at issue in this case (November 2015 to January 2016). There is no reason for S&L to reinvent the wheel in this case, especially in light of the fact that the company was liquidated.

### Discovery Regarding "Pattern and Practice"

Plaintiff next seeks "more information," including "consumer files and all documents within [the S&L Defendants'] possession, custody, or control," concerning: (1) Rathburn v. Sharinn & Lipshie, P.C., Case No. 4:10-cv-4449 (S.D. Tex.); (2) Johnson v. Asset Acceptance, LLC, Case No. 1:17-cv-6226-JFK-HBP (S.D.N.Y.); and (3) That's Entertainment v. Sharinn & Lipshie, P.C., Case No. 1:06-cv-1022-AKH (S.D.N.Y.). (See ECF Doc. 76 at 3; see also Pl. Ex.

---

[1] The Court in Molgora specifically rejected the plaintiff's argument that value of the judgments or amounts collected thereon were relevant. (See Exhibit "1" at 2) ("S&L is not required to produce a witness to testify to the dollar amounts of these judgments (in the aggregate or otherwise.")).

F., ECF Doc. 76-6 at RFP Nos. 15). Plaintiff characterizes these lawsuits as "alleging that S&L engaged in similar misconduct as in the case at bar." (ECF Doc. 76 at 3).

This aspect of Plaintiff's proposed motion really is frivolous. To begin with, Plaintiff's counsel deposed S&L about the Rathburn and Johnson cases in the Molgora action.[2] Plaintiff's counsel is readily aware of the fact that neither Rathburn nor Johnson involved allegations that S&L failed to serve a § 1692g notice. (See Exhibits "5" and "6"). Moreover, as S&L's Rule 30(b)(6) witness testified, **neither** case involved S&L collecting on a vacated judgment, the alleged FDCPA violation in this case. (See Exhibit "7" at 238:6 to 241:5).

Plaintiff's demand for documents concerning the That's Entertainment case is even worse. According to Plaintiff, the That's Entertainment case involved allegations of S&L abandoning its legal representation of one of its former clients, as well as S&L's having allegedly commenced litigation and obtained judgments against improper parties. (ECF Doc. 76 at 4). Such allegations have nothing to do with this action, wherein S&L did not represent Plaintiff (and, in fact, was the exact opposite — representing a client who was adverse to her)) and where all of S&L's alleged conduct with respect to Plaintiff occurred *post-judgment*. It is no wonder why Judge Netburn rejected the plaintiff's request for the same fishing expedition discovery in Molgora. (See Exhibit "1" at 3).

## Discovery Regarding Defendants' Net Worth

Plaintiff also seeks documents and information relating to the S&L Defendants' income, assets and net worth, including tax returns and "all" bank account statements for the years 2015 through 2017, as well as other "documents" showing annual income for the years 2014 through 2017. (See Pl. Ex. F, ECF Doc. 76-6, RFP Nos. 6-9). Plaintiff claims the information is relevant for calculating punitive damages. (ECF Doc. 76 at 4).

First, given that S&L is liquidating and Sharinn is effectively retired, such discovery is of next to no value at this juncture. Second, courts in this Circuit have recognized on numerous occasions that sensitive financial discovery of this sort, which is only relevant to calculating punitive damages, should be deferred until after summary judgment. See e.g., Pasternak v. Dow Kim, 275 F.R.D. 461, 463 (S.D.N.Y. 2011); Wenning v. On-Site Manager, Inc., 2015 U.S. Dist. LEXIS 115783, at *12 (S.D.N.Y. Aug. 26, 2015); Copantila v. Fiskardo Estiatorio, Inc., 2010 U.S. Dist. LEXIS 33430, at *47-48 (S.D.N.Y. Apr. 5, 2010).

---

[2] As noted in Judge Netburn's February 6, 2018 order, S&L was directed to prepare its Rule 30(b)(6) witness to testify about those cases because the plaintiff (again, represented by Mr. Keshavarz) had represented in his motion papers that that Rathburn and Johnson "involve[d] claims of S&L seeking to execute on judgments that had previously been vacated or failing to provide a 1692g notice." Judge Netburn was unable to confirm the truthfulness of that proposition from the parties' submissions. (See Exhibit "1" at 3).

Hon. Edgardo Ramos
Case No. 16-cv-8779 (ER)
October 15, 2018
Page 4 of 4

## Discovery Regarding Collection Notes

Plaintiff's counsel makes much of the redactions to S&L's internal collection notes concerning Plaintiff's account. (ECF Doc. 76 at 2-3).[3] As was the case in <u>Molgora</u>, the S&L Defendants are more than willing to produce the notes for *in camera* inspection.

## Depositions on Dates Certain

Lastly, Plaintiff seeks an order compelling the various defendants (including the S&L Defendants) to appear for depositions on dates certain, as early as October 19 and October 22. (ECF Doc. 76 at 2). Plaintiff cites no authority to support granting such relief in lieu of the "on or before" dates customarily used in scheduling orders. Nor, for that matter, has Plaintiff offered a rationale for insisting that depositions be held this month – indeed next week – given Plaintiff's purported need for numerous categories of documents.

Plaintiff's counsel has used this tactic before. In <u>Molgora</u>, for example, counsel repeatedly filed letter motions on the eve of depositions seeking to compel the production of documents of dubious (if any) relevance, claiming that the requested material was essential to proceeding. That strategy only served to fragment discovery and unnecessarily burden the parties and the Court with motion practice. We submit that the more prudent course of action is to set a schedule which allows document discovery to be largely if not entirely resolved prior to depositions.

As a final point, if depositions are to be scheduled tomorrow afternoon, then Plaintiff must provide a date to be deposed as well.

We thank the Court for its consideration.

Very truly yours,

Kaufman Dolowich & Voluck, LLP


By:   /s/ Adam M. Marshall
      Adam M. Marshall, Esq.



cc:   All Counsel of Record via ECF

---

[3] Opposing counsel has gone so far as to publicly file the collection notes produced in <u>Molgora</u> for the purposes of comparison. (<u>See</u> Pl. Ex. R, ECF Doc. 76-18). We trust they obtained Mr. Molgora's permission.