# Exhibit "1"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PABLO MOLGORA,

                             **Plaintiff,**

          -against-

**SHARINN & LIPSHIE, P.C., et al.,**

                            **Defendants.**

-----------------------------------------------------------------X

**17-CV-03766 (SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

       The Plaintiff has served defendants Sharinn & Lipshie, P.C. and Harvey Sharinn (collectively "S&L") with a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and has identified 18 topics (exclusive of subparts) on which the witness should be prepared to testify. S&L seeks a pre-motion conference in advance of filing a motion for a protective order. S&L's request for a pre-motion conference is denied, and the Notice is modified as follows.

       The Plaintiff seeks testimony regarding S&L's net worth. (Topics 10-11, 13.) Both sides agree that this information is relevant to punitive damages, but the parties dispute whether traditional punitive damages are available under N.Y. General Business Law § 349. Compare Guzman v. Harris, No. 16 Civ. 3499 (GBD)(RLE), 2017 WL 4386369, at *2 (S.D.N.Y. Sept. 29, 2017) (no punitive damages outside of statutory authority), with Bueno v. LR Credit 18, LLC, 269 F. Supp. 3d 16, 23 (E.D.N.Y. 2017) (punitive damages available outside of statutory authority). Plaintiff urges the Court not to strike these topics on a disputed legal question given the current procedural posture of the case. I agree that the Court is not adequately prepared to

rule on the question of the availability of punitive damages at this time. But a quick review of the case law demonstrates that it is an unsettled area of law. Because these topics (i) seek information to which the Plaintiff may not be entitled; (ii) would disclose highly sensitive financial information; and (iii) could easily be addressed at a subsequent stage in the litigation, the Court strikes these topics without prejudice to seeking further discovery (whether document discovery or Rule 30(b)(6) testimony) after the Court has addressed the punitive damages question at the summary judgment motion stage.

The Plaintiff seeks testimony regarding the volume of S&L judgment collections. (Topic 9.) As the Plaintiff explains, the number of judgments is relevant to challenge the meaningful attorney review that S&L represented it conducted before acting on Plaintiff's vacated judgment. Specifically, because S&L is staffed, allegedly, by only three attorneys, a large volume of practice may undermine the care it claims to attend to each matter. S&L's only objection to testimony regarding the volume of S&L's work is to question the relevancy. For the reasons explained by the Plaintiff, this is a reasonable area of inquiry, and S&L must prepare a witness to testify to the volume of judgments S&L collected on for a period three years before the filing of Plaintiff's complaint. S&L is not, however, required to produce a witness to testify to the dollar amount of these judgments (in the aggregate or otherwise).

The Plaintiff seeks testimony regarding S&L's conduct in two actions (the "Rathburn Action" and the "Johnson Action"). (Topics 15 & 16.) The Plaintiff seeks testimony on these actions to overcome S&L's bona fide error defense by "demonstrating that S&L regularly violates the FDCPA by attempting to execute on vacated judgments." In addition, the Plaintiff seeks testimony regarding "All complaints against you . . . since January 2008 for alleged enforcement of an invalid judgment, failure to return money acquired through enforcement of an

invalid judgment after demand, or failure to send a debt validation notice under 15 U.S.C. 1692g." (Topic 18.) Generally, the Plaintiff is entitled to inquire into S&L's history as it concerns similar conduct as pleaded in the complaint: namely, that S&L sought to enforce a vacated judgment and that it failed to send a § 1692g notice. S&L must prepare a witness to testify to all known complaints against it (whether written or oral; whether formal or informal) regarding S&L's efforts to enforce a vacated judgment or for failure to send the § 1692g notice for the period five years before the filing of Plaintiff's complaint.

A Rule 30(b)(6) deposition is not a memory contest, and to comply with this Order, S&L should prepare its witness to testify to the types of complaints, the number of complaints in such categories, and generally how S&L responds to such allegations. It should also prepare the witness to testify to policies and procedures it maintains to avoid these types of problems. The witness, however, is not expected to memorize the details of individual complaints. To the extent the Rathburn and Johnson Actions involves claims of S&L seeking to execute on judgments that had previously been vacated or failing to provide a § 1692g notice—a proposition the Court cannot confirm from the parties' submissions—the witness should be prepared to testify generally to what happened in those proceedings, while protecting the privacy rights of the parties, and any attorney-client privilege between S&L and the plaintiff-creditors in those actions. This topic is also an appropriate area for document discovery.

Topic 17 seeks testimony regarding a lawsuit against S&L (the "That's Entertainment Action"). The Plaintiff does not even attempt to explain why this topic—which, according to S&L concerns claims of S&L abandoning its clients and other misconduct—is relevant. The topic is struck and S&L is not required to prepare its witness to discuss the That's Entertainment Action.

Lastly, Topic 8 seeks testimony on "[w]hether CAG sends putative debtors a notice of assignment for 'assigned judgments.'" Plaintiff claims that it needs to ask S&L about its policies and procedures with respect to sending putative debtors a notice of assignment of debt because Collins Asset Group testified that it relied on S&L policies and procedures for compliance with New York law. While S&L is not required to prepare a witness to testify about CAG's policies and procedures, its witness must testify about its own such policies and procedures.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 48.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: February 6, 2018
New York, New York

4