**Exhibit A**

## LEGAL SERVICES AGREEMENT

This Legal Services Agreement ("Agreement") is made and entered into by and between **Data Search NY, Inc., a New York corporation, d/b/a TRAKAmerica** located at 999 Vanderbilt Beach Road, Suite 607, Naples, Florida 34110 (hereinafter referred to as "TRAKAmerica") and **Sharinn & Lipshie, P.C.,** with offices located at 333 Earle Ovington Blvd., Suite 302, Uniondale NY 11553 (hereinafter referred to as "Law Firm") as of the _16th_ day of _July_____, 2012.

WHEREAS, TRAKAmerica provides law firm selection and account receivable management services for its clients ("Clients") seeking to engage counsel throughout the United States for collection of their delinquent and unpaid accounts (hereinafter referred to as "Accounts"); and

WHEREAS, Law Firm is authorized to practice law in the State(s) of _New York___ and has a sufficiently qualified staff to perform the collection of Accounts in the above-referenced state(s); and

WHEREAS, Law Firm represents that it has experience and is engaged in the business of providing debt collection and/or recovery services for delinquent accounts either representing a direct issuer or debt-buyer client.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, it is agreed to by and between the parties as follows:

## I. SCOPE OF ENGAGEMENT.

TRAKAmerica, on behalf of its Clients, will, from time to time and on a non-exclusive basis, engage Law Firm to collect on certain delinquent Accounts.

## II. STANDARD OF CARE.

Law Firm shall use its best efforts in the performance of the services for which it is engaged. Law Firm represents that its entry into this Agreement and its performance of the services required thereunder shall comply with all applicable Federal, State, County, and local laws, regulations, ordinances, and codes, including, but not limited to, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act and the procurement of any licenses if applicable, in the performance of the services and any other obligations hereunder, in the state(s) or jurisdiction(s) where Law Firm will be collecting Accounts placed by TRAKAmerica on behalf of its Clients.



I. Law Firm hereby waives any Attorney Lien or Possessory Lien as to any recalled or closed Accounts;

J. Except as may be prohibited by applicable law or ethical code, Law Firm agrees to accept all Accounts submitted to it by TRAKAmerica for collection;

N. ██████████████████████████████████████████ the Law Firm is required to perform a search/scrub on each account including, but not limited to, bankruptcy, deceased, active military duty, or any such disposition that limits the ability of the Law Firm to proceed with collection or litigation on Accounts placed by TRAKAmerica prior to initiating collection efforts or filing suit.  Each Account that is or has been the subject of a bankruptcy shall be immediately closed and returned to TRAKAmerica using the appropriate bankruptcy closing code as provided by TRAKAmerica;

TRAK000024



iii) Accordingly, if Law Firm fails to meet certain service levels for reasons other than the wrongful acts of TRAKAmerica, then Law Firm shall be responsible for costs incurred in remedying the service level failure.

**III. PAYMENT / REMITTANCE.**



**IV. SETTLEMENT AUTHORITY.**

TRAK000026



## V. SUBSTANTIVE DENIALS, DEFENSES AND COUNTERCLAIMS.

## VI. ACCOUNT DEBTOR BANKRUPTCY.

TRAK000027



## VII. AVAILABILITY OF WITNESS.

## VIII. CONFIDENTIALITY.

## IX. INDEMNIFICATION.

A. Law Firm agrees to defend and indemnify TRAKAmerica and TRAKAmerica's Clients, and to hold them harmless from claims, demands, damages, costs, attorneys' fees, liabilities, expenses and losses incurred, arising out of conduct of the Law Firm or its agents in connection with the collection of the Accounts or of any particular Account by the Law Firm or its agents, including but not limited to:

TRAK000028

1. Any actual or alleged acts or omissions of Law Firm, its agents, attorneys, representatives or employees;

2. Any actual or alleged violations by Law Firm, its agents, attorneys, representatives or employees of any applicable federal, state, or local laws and/or regulations;

3. Any actual or alleged failure of Law Firm, its agents, attorneys, representatives or employees to comply with any requirements of a governmental authority; and

4. Any failure to comply with Section II of this Agreement and/or any other breach of this Agreement.

B. TRAKAmerica may withhold contingency fees and cost reimbursement from Law Firm as necessary to satisfy Law Firm's obligations under this provision.

C. Similarly, TRAKAmerica will defend, indemnify and hold Law Firm harmless from claims, demands, liabilities, expenses and losses incurred by Law Firm, arising out of conduct of TRAKAmerica or its agents in connection with the placement of the Accounts or any particular Account with the Law Firm or its agents, including but not limited to:

1. Any actual or alleged intentional acts or negligence of TRAKAmerica, its agents, representatives or employees;

2. Any actual or alleged violations by TRAKAmerica, its agents, representatives or employees of applicable federal, state, or local laws and/or regulations; and

3. Failure of TRAKAmerica, its agents, representatives or employees to comply with any requirements of a governmental authority.

D. These indemnities survive any withdrawal, recall or termination as provided herein.

## X. INSURANCE AND LICENSING.



TRAK000029



I. All state bar licenses necessary to practice law in the states where Law Firm collects.



<u>Law Firm shall promptly report any claim of malpractice that TRAKAmerica or its clients make against Law Firm to their insurance carrier providing coverage for such claim of malpractice.</u>

Law Firm shall also provide TRAKAmerica with bar license numbers, state of admission, and expiration/renewal dates for attorneys at the Law Firm. On an annual basis, commencing with the execution of this Agreement, or upon request from TRAKAmerica, or its Clients, Law Firm will provide TRAKAmerica with evidence of such bar admission(s).

**XI. NOTICES.**





## XII. AMENDMENT OF AGREEMENT

## XIII. TERM OF AGREEMENT.

TRAK000031

This Agreement shall remain in full force and effect until terminated as provided herein. Termination shall have no effect on the indemnity contained herein or on the continuing obligation of Law Firm concerning Accounts not withdrawn by TRAKAmerica, all of which survive any termination or withdrawal of Law Firm.

## XIV. DISPUTE RESOLUTION

The parties acknowledge that failure to perform their duties under this Agreement can cause the other party irreparable harm for which the other party will not have an adequate remedy at law. Accordingly, the parties may obtain injunctive or equable relief to prevent such harm without proving actual damages, posting a bond or security, and without prejudice to any other rights available under this Agreement or applicable law.

## XV. GENERAL PROVISIONS

TRAK000032

C. ███████████████████████████

D. ███████████████████████████

E. ███████████████████████████

F. ███████████████████████████

G. ███████████████████████████

H. ███████████████████████████

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed and do each hereby warrant and represent that their respective signatory, whose signature appears below, has been and is on the date of this Agreement duly authorized by all necessary and appropriate action to execute this Agreement.

Executed this 16 day of ~~June~~ July, 2012

Data Search NY, Inc., a New York
corporation, d/b/a TRAKAmerica

Signature: ██████████

Title: President

Executed this 16 day of ~~June~~ July, 2012

Sharinn & Lipshie,
a _____ professional corporation.

Signature:
By: Harvey Sharinn, Esq.
Title: President

Page **12** of **13**

TRAK000033

## SCHEDULE A

(redacted)

## SCHEDULE B
## APPLICABLE CONTINGENCY FEES

(redacted)



Initial

## SCHEDULE C
## SETTLEMENT AUTHORITY

(redacted)

TRAK000034