BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
Hilary F. Korman, Esq.
Scott E. Wortman, Esq.
*Counsel for Palisades Acquisition XVI, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PATRICIA HUNTER,                                  :
                                                  :
                              Plaintiff,          :    Case No.: 1:16-cv-08779-ER
                                                  :
              -against-                           :    ***Electronically Filed***
                                                  :
PALISADES ACQUISITION XVI, LLC                    :    **PALISADES ACQUISITION**
SHARINN & LIPSHIE, P.C.                           :    **XVI, LLC'S ANSWER TO**
HARVEY SHARINN                                    :    **PLAINTIFF'S SECOND**
                                                  :    **AMENDED COMPLAINT**
                              Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant, Palisades Acquisition XVI, LLC (hereinafter, "<u>Defendant</u>" or "<u>Palisades</u>"), by

and through its attorneys, Blank Rome LLP, responds to Plaintiff's First Amended Complaint

(hereinafter the "<u>Complaint</u>") as follows:

<u>**AS TO INTRODUCTION**</u>

1.       Defendant denies each and every allegation contained in paragraph "1" of the

Complaint, except that it admits it sued Plaintiff in 2007 and obtained a default judgment against

her.

2.       Defendant denies knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph "2" of the Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "3" of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of the Complaint.

5.      Defendant admits that this action arises under the FDCPA and that the Court has federal question jurisdiction.  Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of the Complaint.

6.      Defendant denies each and every allegation contained in paragraph "6" of the Complaint.

7.      Defendant denies each and every allegation contained in paragraph "7" of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of the Complaint.

### AS TO PARTIES

9.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of the Complaint.

10.      Defendant admits to each and every allegation contained in paragraph "10" of the Complaint, but denies that it is Plaintiff's putative judgment creditor.

11.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of the Complaint.

12.      Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the Complaint.

13.     Defendant denies each and every allegation contained in paragraph "13" of the Complaint.

## AS TO STATEMENT OF FACTS

14.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of the Complaint.

15.     Defendant admits that Plaintiff was sued in April of 2007, but denies each and every other allegation contained in paragraph "15" of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of the Complaint.

17.     Defendant avers that Exhibit A speaks for itself, and that no further response is necessary.

18.     Admit.

19.     Defendant denies each and every allegation contained in paragraph "19" of the Complaint.

20.     Defendant denies each and every allegation contained in paragraph "20" of the Complaint.

21.     Admit.

22.     Defendant denies each and every allegation contained in paragraph "22" of the Complaint.

23.     Defendant denies each and every allegation contained in paragraph "23" of the Complaint.

24.     Defendant avers that Exhibit B speaks for itself and that no response is necessary.

25.     Defendant avers that Exhibit B speaks for itself and that no response is necessary.

26.     Defendant avers that Exhibit B speaks for itself and that no response is necessary.

27.     Defendant avers that Exhibit B speaks for itself and that no response is necessary.

28.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of the Complaint.

29.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29" of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of the Complaint.

31.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of the Complaint.

32.     Defendant denies each and every allegation contained in paragraph "32" of the Complaint.

33.     Defendant denies each and every allegation contained in paragraph "33" of the Complaint.

34.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34" of the Complaint.  To the extent that Plaintiff is referring to the *Bernhart v. Asta Funding, Inc.* matter referenced in paragraph "35" of the Complaint, that case was primarily based on allegations unrelated to the Complaint, and, in any event, there were no factual findings, findings on the merits, or class certification, and the Exhibit C complaint is nothing more than unproven allegations.  In addition, those unproven allegations contested one instance of service by Loai Sarsour, where the consumer at issue (Charles Roberts) admittedly resided at the service address [see ¶¶ 372-376 of Exhibit C] (but disputed the factual details of service), and never prevailed on his claims at a traverse hearing [see *Id.* at ¶ 407]).  There

is a stark difference between "sewer service" (i.e., a process server literally throwing the service papers in the garbage, without any attempts to serve), and improper service that is determined to be ineffective to confer personal jurisdiction.

35.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of the Complaint.   There were no factual findings, findings on the merits, or class certification and the Exhibit C complaint is nothing more than unproven allegations.   In addition, those unproven allegations contested one instance of service by Loai Sarsour, where the consumer at issue (Charles Roberts)  admittedly resided at the service address [see ¶¶ 372-376 of Exhibit C] (but disputed the factual details of service), and never prevailed on his claims at a traverse hearing [see Id. at ¶ 407]).   There is a stark difference between "sewer service" (i.e., a process server literally throwing the service papers in the garbage, without any attempts to serve), and improper service that is determined to be ineffective to confer personal jurisdiction.

36.     Defendant denies each and every allegation contained in paragraph "36" of the Complaint.

37.     Defendant denies each and every allegation contained in paragraph "37" of the Complaint.

38.     Defendant denies each and every allegation contained in paragraph "38" of the Complaint.

39.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "39" of the Complaint.

40.     Defendant avers that Exhibit D speaks for itself and that no response is necessary.

41.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "41" of the Complaint.  Plaintiff restates Exhibit D out of context and makes it impossible for Defendant to either admit or deny the allegations. Defendant further states that Exhibit D speaks for itself.

42.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "42" of the Complaint.  Plaintiff restates Exhibit D out of context and makes it impossible for Defendant to either admit or deny the allegations. Defendant further states that Exhibit D speaks for itself.

43.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "43" of the Complaint.

44.     Defendant denies each and every allegation contained in paragraph "44" of the Complaint.

45.     Defendant admits only that it obtained a default judgment against Plaintiff in 2007. Defendant denies each and every other allegation contained in paragraph "45" of the Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "46" of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "47" of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "48" of the Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "49" of the Complaint.

50.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "50" of the Complaint.

51.     Defendant avers that <u>Exhibit E</u> speaks for itself and that no response is necessary.

52.     Defendant denies each and every allegation contained in paragraph "52" of the Complaint.

53.     Defendant avers that <u>Exhibit E</u> speaks for itself and that no response is necessary.

54.     Defendant avers that <u>Exhibit E</u> speaks for itself and that no response is necessary.

55.     Defendant denies that the judge "deemed the application meritorious," and avers, as to the remaining allegations, that <u>Exhibit E</u> speaks for itself and that no response is necessary.

56.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of the Complaint.

57.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "57" of the Complaint.

58.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "58" of the Complaint.

59.     Admit.

60.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "60" of the Complaint.

61.     Defendant admits only that Wolpoff & Abramson LLP are listed as the attorneys for Defendant in the eCourts system for the collections lawsuit against Ms. Hunter, but deny knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "61" of the Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "62" of the Complaint.

63.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "63" of the Complaint.

64.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "64" of the Complaint.

65.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "65" of the Complaint.

66.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "66" of the Complaint.

67.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "67" of the Complaint.

68.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "68" of the Complaint.

69.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "69" of the Complaint.

70.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "70" of the Complaint.

71.     Defendant denies each and every allegation contained in paragraph "71" of the Complaint.

72.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "72" of the Complaint.

73.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "73" of the Complaint.

74.     Defendant denies each and every allegation contained in paragraph "74" of the Complaint.

75.     Defendant denies each and every allegation contained in paragraph "75" of the Complaint.

76.     Defendant denies each and every allegation contained in paragraph "76" of the Complaint.

77.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "77" of the Complaint.

78.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "78" of the Complaint.

79.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "79" of the Complaint.

80.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "80" of the Complaint.

81.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "81" of the Complaint.

82.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "82" of the Complaint.

83.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "83" of the Complaint.

84.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of the Complaint.

85.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "85" of the Complaint.

86.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "86" of the Complaint.

87.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "87" of the Complaint.

88.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "88" of the Complaint.

89.     Defendant denies each and every allegation contained in paragraph "89" of the Complaint.

90.     Defendant denies each and every allegation contained in paragraph "90" of the Complaint.

91.     Defendant denies each and every allegation contained in paragraph "91" of the Complaint.

92.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "92" of the Complaint.

93.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "93" of the Complaint.

94.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "94" of the Complaint.

95.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "95" of the Complaint.

96.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "96" of the Complaint.

97.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "97" of the Complaint.

98.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "98" of the Complaint.

99.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "99" of the Complaint.

100.    Defendant denies each and every allegation contained in paragraph "100" of the Complaint.

101.    Defendant denies each and every allegation contained in paragraph "101" of the Complaint.

102.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "102" of the Complaint.

103.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "103" of the Complaint.

104.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "104" of the Complaint.

105.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "105" of the Complaint.

106.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "106" of the Complaint.

107.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "107" of the Complaint.

108.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "108" of the Complaint.

109.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "109" of the Complaint.

110.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "110" of the Complaint.

111.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "111" of the Complaint.

112.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "112" of the Complaint.

113.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "113" of the Complaint.

114.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "114" of the Complaint.

115.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "115" of the Complaint.

116.    Defendant denies each and every allegation contained in paragraph "116" of the Complaint.

117.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "117" of the Complaint.

118.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "118" of the Complaint.

119.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "119" of the Complaint.

120.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "120" of the Complaint.

121.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "121" of the Complaint.

122.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "122" of the Complaint.

123.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "123" of the Complaint.

124.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "124" of the Complaint.

125.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "125" of the Complaint.

126.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "126" of the Complaint.

127.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "127" of the Complaint.

128.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "128" of the Complaint.

129.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "129" of the Complaint.

130.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "130" of the Complaint.

131.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "131" of the Complaint.

132.    Defendant denies each and every allegation contained in paragraph "132" of the Complaint.

133.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "133" of the Complaint.

134.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "134" of the Complaint.

135.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "135" of the Complaint.

136.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "136" of the Complaint.

137.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "137" of the Complaint.

138.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "138" of the Complaint.

139.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "139" of the Complaint.

140.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "140" of the Complaint.

141.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "141" of the Complaint.

142.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "142" of the Complaint.

143.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "143" of the Complaint.

144.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "144" of the Complaint.

### AS TO FIRST CLAIM FOR RELIEF

145.    In response to paragraph "145" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "144" by reference.

146.    Defendant denies each and every allegation contained in paragraph "146" of the Complaint.

147.    The Congressional intent of the FDCPA speaks for itself, and no response is necessary.

148.    The Congressional intent of the FDCPA speaks for itself, and no response is necessary.

149.    Defendant denies each and every allegation contained in paragraph "149" of the Complaint.

150.     Defendant denies each and every allegation contained in paragraph "150" of the Complaint.

151.     Defendant denies each and every allegation contained in paragraph "151" of the Complaint.

## AS TO SECOND CLAIM FOR RELIEF

152.     In response to paragraph "152" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "152" by reference.

153.     New York General Business Law Section 349(a) speaks for itself, and no response is necessary.

154.     New York General Business Law Section 349(a) speaks for itself, and no response is necessary.

155.     Defendant denies each and every allegation contained in paragraph "155" of the Complaint.

156.     Defendant denies each and every allegation contained in paragraph "156" of the Complaint.

157.     Defendant denies each and every allegation contained in paragraph "157" of the Complaint.

158.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "158" of the Complaint.

159.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "159" of the Complaint.

160.     Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "160" of the Complaint.

161.    Defendant denies each and every allegation contained in paragraph "161" of the Complaint.

162.    Defendant denies each and every allegation contained in paragraph "162" of the Complaint.

163.    Defendant denies each and every allegation contained in paragraph "163" of the Complaint.

164.    Defendant denies each and every allegation contained in paragraph "164" of the Complaint.

165.    Defendant denies each and every allegation contained in paragraph "165" of the Complaint.

166.    Defendant denies each and every allegation contained in paragraph "166" of the Complaint.

167.    Defendant denies each and every allegation contained in paragraph "167" of the Complaint.

## AS TO THIRD CLAIM FOR RELIEF

168.    In response to paragraph "168" of the Complaint, Defendant reasserts and incorporates all responses in paragraphs "1" to "167" by reference.

169.    Paragraph "169" states a legal conclusion to which no response is necessary.  To the extent that a response is determined to be required, the allegations are denied.

170.    Paragraph "170" states a legal conclusion to which no response is necessary.  To the extent that a response is determined to be required, the allegations are denied.

171.    Paragraph "171" states a legal conclusion to which no response is necessary.  To the extent that a response is determined to be required, the allegations are denied.

172.    Defendant denies each and every allegation contained in paragraph "172" of the Complaint.

173.    Defendant denies each and every allegation contained in paragraph "173" of the Complaint.

174.    Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "174" of the Complaint.

175.    Defendant denies each and every allegation contained in paragraph "175" of the Complaint.

176.    Defendant denies each and every allegation contained in paragraph "176" of the Complaint.

177.    Defendant denies each and every allegation contained in paragraph "177" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
(Statute of Limitations)

178.    Defendant is informed and believes, and, based thereon alleges, that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
(Mitigation of Damages)

179.    Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
(Fed.R.Civ. P. 8)

180.    Plaintiff's Complaint, and each cause of action contained therein, are barred for failure to comply with Fed.R.Civ.P. 8, directing that a "pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
(No Knowledge or Ratification)

181.    Plaintiff's Complaint and each purported cause of action alleged therein against Defendant are barred because Defendant had no knowledge of, nor did it participate in, approve, authorize, or ratify, any of the alleged misconduct of any other Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
(No Intentional or Malicious Conduct)

182.     As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
(Not Actual or Proximate Cause)

183.     Plaintiff is barred from any recovery or relief against Defendant because Defendant was not the actual or proximate cause of any of the damages, if any, alleged in the Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
(No Declaratory Relief)

184.    As a separate, affirmative defense, Defendant alleges that Plaintiff is not entitled to declaratory relief based on a claim under the FDCPA.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
(No Dominion or Control)

185.    As a separate, affirmative defense, Defendant alleges that it exercised no dominion or control over Plaintiff's property, nor directed or authorized anyone else to do so.

### AS AND FOR A FIRST CROSS CLAIM
(Legal Malpractice against Sharinn & Lipshie, P.C. and Harvey Sharinn)

186    This Second Amended Complaint alleges, inter alia, that Sharinn & Lipshie, P.C. ("S & L") and Harvey Sharinn (collectively, "S&L Defendants") failed to file a notice of appearance in a collection action in which S & L Defendants were representing Palisades against Plaintiff.  By failing to file a notice of appearance, S&L Defendants were apparently not notified when Plaintiff successfully moved to vacate a default judgment entered against her.  The S&L Defendants subsequently served restraining notices and received monies in an attempt to enforce that judgment, in purported violation of the FDCPA and other laws.  The Second Amended Complaint further alleges that Palisades is vicariously liable for the S&L Defendants' conduct.

187.    To the extent it is determined that these allegations are true and that the law has been violated, the S & L Defendants committed legal malpractice.  The S&L Defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that such conduct proximately caused Palisades to sustain actual and ascertainable damages (by way of attorneys' fees and other ongoing damages).

## AS AND FOR A SECOND CROSS CLAIM
(Contractual Indemnification against Sharinn & Lipshie, P.C.)

188.    Data Search NY, Inc. d/b/a TRAKAmerica ("TRAK") and S & L, a law firm, are parties to a Legal Services Agreement, dated July 16, 2012 (the "LSA").  Under the LSA, TRAK engaged S & L to provide its clients with account collection services in New York.  The LSA contains an indemnification provision that requires S & L to indemnify TRAK and its clients against, among other things, claims arising from any actual or alleged violations by S & L and/or its agents of any applicable federal, state, or local laws and regulations.  Palisades is one of TRAK's clients under the LSA, and therefore, the LSA's indemnification provision applies to it in connection with the allegations made by Plaintiff.

189.    Due to this ongoing litigation, Palisades has incurred, and continues to incur, legal fees for which S & L must indemnify Palisades pursuant to the LSA.

## AS AND FOR A THIRD CROSS CLAIM
(Common Law Indemnification against Sharinn & Lipshie, P.C. and Harvey Sharinn)

190.    While denying any liability on its part to Plaintiff, Palisades maintains that in the event it is adjudged liable for any loss, damage, or injury Plaintiff may have sustained, such liability is technical, secondary, and vicarious in nature and was a result of the active culpable conduct or negligence of co-defendants Sharinn & Lipshie, P.C. and Harvey Sharinn.

**WHEREFORE**, Defendant requests that the Court enter an order (1) dismissing the complaint with prejudice; (2) awarding Defendant their costs and expenses incurred herein, including under its cross-claims; and (3) awarding Defendant such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         August 30, 2018

                                        **BLANK ROME LLP**

                                        By:   *s/ Hilary F. Korman*_____
                                              Hilary F. Korman
                                              Scott E. Wortman
                                              The Chrysler Building
                                              405 Lexington Avenue
                                              New York, New York 10174
                                              Telephone: (212) 885-5118
                                              E-mail:  hkorman@blankrome.com
                                              *Counsel for Defendant Palisades*
                                              *Acquisition XVI, LLC*