# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　FAX: (877) 496-7809

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
December 13, 2018

>   Re:   **Plaintiff's request for pre-motion conference to enforce October 16, 2018 order or, in alternative, to compel.**
>   *Hunter v. Palisades Acquisition XVI, LLC, et al.*, **No. 1:16-cv-08779-ER**

Dear Judge Ramos:

Along with CAMBA Legal Services, the undersigned [1] represents Plaintiff Patricia Hunter in this action. Ms. Hunter respectfully submits this letter requesting a Local Rule 37.2 pre-motion conference to enforce October 16, 2018 order or, in alternative, to compel.

This is Plaintiff's second request for a pre-motion conference to enforce October 16, 2018 order or, in alternative, to compel. While many discovery issues have been resolved, Plaintiff's attempts to work with Defendants to secure total compliance with Your Honor's directions at the pre-motion conference have been unsuccessful. Defendant Palisades and third party TrakAmerica (both represented by Blank Rome) have failed to produce a list of abbreviations and codes necessary to understand the other documents they have produced. Thus Plaintiff moves to compel documents responsive to this request.

## SUMMARY OF CLAIMS

Plaintiff brings this action against a putative judgment creditor Palisades Acquisition XVI, LLC ("Palisades"), its debt collection law firm, Sharinn & Lipshie, P.C, and that law firm's principal, Harvey Sharinn (collectively "S&L") for restraining and executing on Ms. Hunter's bank account based on a vacated judgment and refusing to return the money after being placed on notice that judgment was vacated; and for their pattern and practice of collecting on putative

---

[1] Please be advised The Law Office of Ahmad Keshavarz will be closed from December 21st, 2018 until January 1st, 2019 for the holidays.

1

judgments without meaningful attorney involvement to make sure the putative debt was actually owed. The claims in the case at bar are almost exactly the same as in a parallel case in the before Judge Netburn, *Molgora v. Sharinn & Lipshie, P.C*., 1:17-cv-03766-SN, (S.D.N.Y.). Judge Netburn granted Plaintiff's motions to compel in Molgora as to issues similar to or exactly as sought in this motion.

## ARGUMENT

**1.  Palisades Has Failed To Follow This Court's Order To Produce Abbreviations And Codes Necessary To Understand The Documents It Has Produced.**

On October 16, 2018, this court ordered Defendants to comply with Plaintiff's document request for documents sufficient to understand the abbreviations and codes featured in the other documents produced by Defendants by October 23, 2018. *See* **Exhibit A** (Portion of October 16, 2018 Transcript). On October 24, we emailed Defendants asking them to please produce abbreviation and code explanations by October 26, 2018. Palisades' counsel responded by email on October 25, 2018 that she did not recall this being ordered, that TrakAmerica did not have a document with explanations, and that she was waiting to hear back from Palisades as to whether it had one. On November 1, 2018, we expressed concern with how difficult it had been to arrange a call to confer as per Your Honor's request, and reminded Defendants that we were still waiting to hear about abbreviations and codes.

Finally on November 7, 2018, a call was had to attempt to resolve remaining discovery issues including the codes and abbreviations. Palisades' counsel again denied that Defendant or TrakAmerica had an obligation to produce codes and abbreviations, so Plaintiff's counsel sent by email the relevant portion of the transcript and then the entire transcript for review. *See* **Exhibit A**. Palisades' counsel stated that she needed to review the transcript and so another call would have to happen on the following Monday, November 12. Unfortunately Plaintiff's counsel Ahmad Keshavarz fell ill and the call was pushed back to November 14. On that call, Palisades' counsel stated that Palisades had a "key" which would be produced. Defendant Sharinn & Lipshie complied on November 30, 2018. *See* **Exhibit B** (S&L Key and Corresponding Account Notes).

On November 14, 2018, Defendant Palisades had sent by email "[t]he Palisades key." *See* **Exhibit C** (Palisades Key and Corresponding Account Notes Highlighted). Upon review, this office determined that this key was not responsive to the request. To give just one example, on PAL 000010-000011 there are no less than 10 unexplained codes for entries on April 15, 2014, the last entries prior to the April 21, 2014 trial date at which Palisades would default.

On December 4, 2018, this office contacted Palisades by email asking for the previous key provided to be supplemented so that all the abbreviations and codes were defined. Such supplemental documents have not been provided, and thus Plaintiff moves to enforce the court order or, in the alternative, compel their production.

**2.  TrakAmerica Has Failed To Follow This Court's Order To Produce Abbreviations And Codes Necessary To Understand The Documents It Has Produced.**

Counsel for Palisades in this matter is also counsel for third party TrakAmerica. TrakAmerica was the intermediary between Defendants Palisades and S&L, and particularly now

2

that Palisades has filed cross-claims based on contractual indemnification, TrakAmerica's documents are especially relevant to this case.

Unlike Palisades however, TrakAmerica has failed to produce any document that explains any of the abbreviations or codes as requested in a subpoena to it by Plaintiff on August 30, 2018. Its account notes feature many abbreviations and codes that do not have a self-evident meaning. *See* **Exhibit D** (TrakAmerica Account Notes Highlighted). For example, TrakAmerica has an entry on April 13, 2014 that states "Reassign to Sharinn & Lipshie, P.C." and then an unexplained "22 PCT." As noted above, this is a critical period of time for what Defendants were doing as Palisades would default at the April 21, 2014 trial date. Any information as to the how or why of a reassignment of the putative judgment to S&L merely a week prior to a trial date is crucial to Plaintiff's case. Plaintiff thus moves to enforce the court order or, in the alternative, compel production.

## CERTIFICATE OF CONFERENCE

I, along with my co-counsel, have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful.

Sincerely,

/s/
Ahmad Keshavarz