UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA HUNTER,

                Plaintiff,

- against -

PALISADES ACQUISTION XVI, LLC,
SHARINN & LIPSHIE, P.C., and HARVEY
SHARINN,

                Defendants.

**OPINION AND ORDER**

16 Civ. 8779 (ER)

Ramos, D.J.:

      Pursuant to the Court's October 16, 2018 order, Sharinn & Lipshie, Harvey Sharinn ("S&L Defendants") and Palisades Acquisition XVI, LLC, ("Palisades") submitted privilege logs and debt collection notes to the Court for *in camera* review. Defendants have invoked the attorney-client and work-product privileges as reasons for withholding production.

      "The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Id.* at 419.

      For the work-product privilege, "a document will be protected if, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (internal quotation marks and citation omitted).

"Conversely, protection will be withheld from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id.* (internal quotation marks and citation omitted).

With these precedents in mind, the Court has reviewed the privilege logs and the debt collection notes that were submitted for *in camera* review. It finds that the S&L Defendants have properly invoked the privileges for:

- the exchange between Scott Sharinn and Brett Scher on January 22, 2017,
- for the entry by Adam Oppenheimer on November 10, 2010, and
- for all entries in the log *on and after* January 8, 2016.

The Court also finds that Palisades has appropriately invoked the privileges on the privilege log for:

- the second entry for May 30, 2007,
- the second entry for March 7, 2007,
- the only entry for February 20, 2007,
- the entries by FTB and SYS for November 21, 2006,
- the only entry for November 9, 2006, and
- the entries by SHC for November 8, 2006.

Other than the entries described above, the privileges do not apply. The S&L Defendants and Palisades are directed to produce in an unredacted fashion each of the documents listed on the privilege logs, except those specifically listed above, by January 30, 2019. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 77.

It is SO ORDERED.

Dated: January 22, 2019
New York, New York

Edgardo Ramos, U.S.D.J.